■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MACELLARO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered May 21, 1986, convicting him of insurance fraud in the first degree and grand larceny in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced against the defendant came primarily from the testimony of John Kruger, Edward Kardian and Lisa Vairo, who was the defendant's secretary receptionist. The trial court ruled that Kruger and Kardian were accomplices as a matter of law. It refused, however, to issue the same ruling with respect to Ms. Vairo. In fact at the end of the entire case the court found that Ms. Vairo was not an accomplice as a matter of fact and relied upon her testimony as well as other evidence-in-chief to corroborate the testimony of Kruger and Kardian. The defendant claims that this ruling was error.

An accomplice is defined in CPL 60.22 as a witness who may reasonably be considered to have participated in (1) the offense charged, or (2) an offense based upon the same or some of the same facts or conduct which constitute the offense charged. An analysis of Ms. Vairo's testimony reveals that she was not an accomplice as a matter of law. The message which she delivered on one occasion to Kruger at the defendant's direction and on another occasion to Kruger's estranged wife cannot, as a matter of law, support a finding that she is liable as a principal or for criminal facilitation.

Thus, the Trial Judge was correct in treating the question of Ms. Vairo's status as a question of fact. Moreover, he was correct in concluding that Ms. Vairo was not an accomplice as a matter of fact. On this record the inference is compelling that Ms. Vairo was a mere messenger for the defendant, and lacked the requisite intent to commit a crime (see, People v Wheatman, 31 NY2d 12, cert denied 409 US 1027).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.